## Taylor v. Commonwealth.

(Decided January 16, 1923.)

### Appeal from Scott Circuit Court.

Intoxicating Liquors—Evidence Procured Without Search Warrant.—The evidence given by a sheriff who, without a search warrant or other authority, entered the home of the accused in his absence and when no one was there, and after searching his home, found a moonshine still, was not admissible against the accused upon a trial for having in possession a still.

LLEWELLYN F. SINCLAR for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Reversing.

Appellant Taylor was indicted in the Scott circuit court for the offense of having in possession an illicit or moonshine still, and being tried was found guilty and his punishment fixed at a fine of $250.00 and three months in the county jail.

As grounds for a reversal of the judgment appellant insists (1) that the demurrer should have been sustained to the indictment; (2) that the evidence was insufficient to carry the case to the jury and support the verdict. While the indictment is very brief and somewhat deficient

in its averments, we think it sufficiently charges the offense of having in possession a moonshine still.

All of the evidence introduced for the Commonwealth was objected to by appellant on the ground that it was obtained in an unlawful manner—by an unlawful search of his home in his absence. The sheriff of Scott county and one of his deputies, having a warrant for one Williams, went out in that part of Scott county in which appellant Taylor lived for the purpose of arresting Williams on the warrant. When they reached the neighborhood of appellant's home the sheriff received information that Williams for whom he had a warrant had, on the night before, lodged at the home of appellant Taylor. Appellant Taylor lived alone. In pursuance to this information the sheriff and his deputy went to the home of appellant, but seeing no one about the premises the sheriff sent his deputy to the rear door of the house while he approached the front door. The sheriff knocked on the front door and receiving no response he looked in at the window to see if there was any one in the house, and seeing no one he called aloud saying, "Come out or I will come in and get you." The sheriff could hear a noise in the house which made him believe there was some one in it. After waiting some time and repeating his request "to come out," the sheriff pushed the door, which was slightly ajar, and entered the house, but seeing no one he passed on into the kitchen and found no one there; then he went into a third room on the first floor where his search was equally futile. In the last room was a stairway leading to the second floor. Going up the steps he entered a dark room in which he could hear bubbling, simmering sounds. He turned on his flashlight and discovered the noise was emanating from a barrel of mash which was working in preparation for the making of whiskey. On the other side of the room was a copper apparatus with a coil pipe, which the sheriff testified was an improvised still and could be used for the manufacture of whiskey. This apparatus the sheriff took away with him and it was used as evidence on the trial of appellant. Upon leaving the premises the sheriff left his deputy at the home of appellant to await appellant's return and to arrest appellant and transport him to the county seat. After waiting several hours the deputy sheriff observed appellant riding up the main road towards his house, whereupon the deputy concealed himself in the house. Appellant rode around near the rear

of the house and hitched his horse and coming to the back door, unlocked it and was in the act of entering when the deputy sheriff put him under arrest. After some minutes appellant asked in substance, "What did you do with the things upstairs?" To which the deputy sheriff responded, "What things?" and that ended the conversation. The foregoing is the substance of all the evidence given upon the trial. The sheriff and his deputy were the only witnesses. Appellant objected to their testimony on the ground it was obtained in an unlawful manner, but this objection was overruled. At the close of the evidence for the Commonwealth appellant moved to exclude from the consideration of the jury all the evidence given by the two witnesses, and this motion was also overruled, appellant saving exception in each case. He thereupon moved the court to instruct the jury to find him not guilty, and again his motion was overruled and he excepted. It thus appears that he properly saved every question.

As the sheriff and his deputy without search warrant or other authority entered and searched the home of appellant in his absence and without any permission from him so to do, the evidence thus obtained was clearly inadmissible. The search was unlawful and being so the evidence acquired through it was inadmissible to prove appellant's guilt. The case should not have been submitted to the jury.

Wherefore the judgment is reversed for proceedings consistent with this opinion.

Judgment reversed.