## Bowen v. Commonwealth.

(Decided April 23, 1923.)

## Appeal from Clark Circuit Court.

1. Intoxicating Liquors—Warrant Protects Officers Issuing and Serving When Affidavit Positive, Though in Fact Based on Information and Belief.—Where affidavit on which search warrant was issued stated positively that still was located at place to be searched, the warrant protected the officer issuing it and the officer executing it, though in fact affiant had only information and belief on which to base affidavit.

2. Criminal Law—Evidence Obtained Under Search Warrant Not Rendered Incompetent Because of Subsequent Attack on Truth of Affidavit.—When search warrant was valid on its face and based on affidavit sufficient on its face, evidence procured by its execution was not rendered incompetent by subsequent attack on truth of the affidavit.

3. Criminal Law—Certified Copies of Records of Federal Commissioner Held Admissible.—Where search warrant issued by Federal commissioner and affidavit on which issued were on file with his records, certified copies thereof under his seal were admissible under Kentucky Statutes, section 1635.

4. Criminal Law—Evidence obtained Under Federal Warrant Held Competent.—Evidence procured under valid search warrant issued by federal commissioner is competent in a state court.

RODNEY HAGGARD for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

Appellant was convicted under an indictment charging him with being in possession of an illicit still designed for the unlawful manufacture of spirituous liquor.

It appears that on the 16th day of May, 1922, a federal prohibition officer made an affidavit before the United States commissioner at Mt. Sterling, Kentucky, as the basis for a search warrant thereafter issued by the commissioner, and when the search warrant was executed the still was found in a barn on appellant's farm with unmistakable evidence that it had recently been in operation. Appellant was present or nearby at the time and made statements, then and thereafter, clearly indicating he was

the owner of the still and that same had been recently operated.

It is conceded that the search warrant is sufficient, and it is conceded that the affidavit upon which it is based is likewise, on its face, sufficient. But it is claimed that although the federal officer who swore to the search warrant stated therein positively that a still was located near Steve Bowen's home in Clark county, Kentucky, yet when on the witness stand in this trial he admitted his statement made in the affidavit was only made on information and belief, or from hearsay. It is therefore claimed that as thereby the affidavit itself was shown to have been false, it was an insufficient basis for the issuance of the search warrant. The federal officer did admit in substance that he had never been to appellant's farm until he executed the warrant, that until then he did not know and had never seen appellant or the other persons named in the affidavit, and that he had sworn to the affidavit on information from others.

Whatever criticism might be made of an affiant who states in an affidavit as a positive fact that of which he only has information, it must be admitted that the search warrant issued upon such an affidavit is a valid search warrant and is ample protection not only to the officer who issues it but to the officer who may execute it. And it must likewise be admitted that as the search warrant was valid on its face and issued upon an affidavit sufficient on its face, the evidence procured by the execution of such a valid search warrant cannot be said to be incompetent because of a subsequent attack upon the truth of the affidavit upon which it was based. At the time it was executed the paper itself and the supporting affidavit were perfectly regular, and purported to give to the officer executing it authority to make the search of appellant's premises, and the evidence thus procured may be used against him although the affidavit states on its face as a fact that of which the affiant only had information.

Any other rule would encourage unauthorized attacks upon the correctness or truth of statements contained in such affidavits, and would bring about interminable confusion and disorder in determining the competency of evidence procured under search warrants valid upon their faces. Walters v. Com., 199 Ky. 182.

On the trial of this case the evidence brought out upon cross-examination that the affiant in the affidavit only in fact verified it on information, was not objected to, but

if it had been, the court would certainly have sustained an objection to it upon the ground that it could not affect the validity of the search warrant at the time the search was actually made and the evidence procured.

On the trial the federal commissioner who issued the warrant and before whom the affidavit was made was introduced as a witness and was permitted by the court to offer and read in evidence a certified copy of the affidavit and the search warrant under his seal, and of this the appellant complains. The commissioner stated that the originals of the affidavit and search warrant were on file with his records, and that he had made the certified copy presented in evidence from his original records, which were at his office in Mt. Sterling, Kentucky.

Under our statute (section 1635) it is provided: ·

"The record and judicial proceedings of any court of the United States, attested by the clerk thereof, with the seal of the court annexed, if there be a seal, shall have such faith and credit given to them in this Commonwealth as they would have in the courts of the United States."

From this it seems clear that certified copies of proceedings in the Federal courts, even though they be inferior courts, may be properly used as evidence in the courts of this state.

The evidence thus procured, although under the valid process of a different sovereignty or a different jurisdiction, is competent in a prosecution in the state courts.

Judgment affirmed.