## Head v. Commonwealth, for Use, Etc.

(Decided May 15, 1923.)

### Appeal from Daviess Circuit Court.

1. Intoxicating Liquors—Affidavit Held Sufficient to Show Probable Cause for Issuing Warrant.—An affidavit giving the street number and location of a building with reference to other streets, and stat-

ing that affiant believed intoxicating liquors were unlawfully kept for sale there because he had seen such liquors on the premises and had seen them sold for purposes not scientific, medicinal, mechanical, or sacramental, is sufficient to give a police judge reasonable cause to believe that liquor was unlawfully possessed on the premises, so that a search warrant was properly issued.

2.  Intoxicating Liquors—Magistrate May Issue Warrant on Affidavit Unless Bad Reputation of Affiant is Known to Him.—Though a police judge is not warranted in issuing a search warrant on affidavit which states facts sufficient to authorize its issuance, if he does not believe the statements contained in the affidavit are true, he is warranted, in the absence of contrary knowledge or information on his part, in assuming that the affiant is a reputable citizen, who alone is permitted to make the affidavit under Prohibition Act 1922, section 14, and therefore the bad reputation of the affiant does not invalidate the search warrant, where such reputation was unknown to the magistrate when he issued the warrant.

3.  Intoxicating Liquors—Evidence Held to Sustain Conviction for Unlawful Possession.—Evidence that officers searching defendant's livery stable under a valid search warrant found two jugs partly filled with liquor, and a number of bottles and other containers which smelt of liquor, with evidence of the bad reputation of accused for trafficking in intoxicating liquors, held sufficient to sustain a conviction for unlawfully possessing spirituous liquors.

SLACK, BIRKHEAD & SLACK for appellant.

CHAS. I. DAWSON, Attorney General, THOS. B. McGREGOR, Assistant Attorney General, and FLOYD J. LASWELL for appellee.

OPINON OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

This appeal seeks a reversal of a judgment of conviction on a charge of unlawfully having spirituous liquors in possession in the city of Owensboro. Appellant Head operated a livery stable on Locust street and had one helper. He was suspected of dealing in liquors and on November 11th, 1922, a search warrant was issued for his stable and premises. About nine o'clock in the morning the police officers appeared at the stable with a warrant, and after reading it to appellant proceeded to make a search of the barn and especially of the saddle room and other compartments to which there were locked doors. The search revealed at least two jugs partly filled with liquor and a large number of empty pint and half-pint bottles in a bag, and other containers which smelt of liquor. In addition to this the Commonwealth proved the

reputation of appellant to be bad for trafficking in intoxicating liquors.

Appellant insists that the affidavit was insufficient to sustain the search warrant and that the warrant itself was defective. From this he insists that all the evidence given by the officers who made the search as to what they found on his premises was incompetent and should have been excluded on his motion, and especially that his motion for a directed verdict in his favor should have been sustained. The affidavit is styled, "Commonwealth of Kentucky, County of Daviess; Affidavit." After stating that the affiant Gregston had reasonable grounds for believing appellant had liquor in possession in the building No. 213, on the east side of Locust street, between Second and Third streets, in the city of Owensboro, it proceeds:

"The affiant says that his reason for believing that intoxicating liquors are unlawfully kept for sale on said premises by the said Guy Head, are that he has been in and on said premises and has seen said Guy Head in possession of intoxicating liquors on said premises and has seen him make sales of intoxicating liquors within the last sixty days and that said sales were not made for scientific, medicinal, mechanical or sacramental purposes."

This affidavit is assailed upon two grounds: (1) indefiniteness, and (2), it was not made by a reputable citizen, as required by the provision of section 14 of the prohibition act of 1922, found on page 116 of the Acts of 1922.

With respect to the first contention, it will be sufficient to say that the affidavit sets forth specifically the number of the building, the name of the street and the side of the street on which the building stands in the city of Owensboro, the name of the occupant and the thing to be searched for. It definitely sets forth that the appellant had in his possession intoxicating liquors on the said premises at times when the witness was on said premises, and that the intoxicating liquors were being sold by appellant on the premises.

We think these facts were abundantly sufficient to justify the police judge in issuing the search warrant. In other words, the judge when presented with the affidavit had probable cause for believing that appellant Head had liquor in possession on the premises named and it therefore became his duty to issue the warrant.

Appellant's second contention is entirely new. The witness Gregston who made the affidavit on which the search warrant was issued is proven by evidence of several witnesses to be of bad repute, especially for drunkenness. Some of the witnesses, however, state that his reputation is generally bad. Although one witness stated his reputation was good and that he would tell the truth, no other witness spoke of his veracity. The judge who issued the warrant stated he was not acquainted with the reputation of Gregston at the time he swore to the affidavit on which the warrant was issued and did not know whether his reputation was good or bad. Appellant, therefore, argues that inasmuch as the witness Gregston was not of good reputation, he was not a reputable citizen, as required by the statute. Unless the magistrate or judge about to issue the warrant should know facts which would prove the witness not to be a reputable citizen, or proof should be introduced tending to show that the witness about to make the affidavit or who had made such an affidavit for search warrant, was not a reputable citizen, the officer would be justified in issuing the warrant on an affidavit made by him which set forth facts sufficient to induce in the mind of the magistrate or judge probable cause for believing that the accused was guilty of the offense charged against him. If the affiant is not a reputable citizen and this fact was known to the judicial officer about to issue the search warrant the affidavit perhaps would not afford probable cause. It would not afford probable cause if the officer did not believe the statements contained in the affidavit, even though they were sufficient if true to justify the issual of the search warrant. In the absence of knowledge on the part of the judicial officer of the reputation of the affiant, the presumption is that the affiant is a reputable citizen. Where the affidavit conforms to the requirements and produces in the mind of the judicial officer probable cause to believe that the offense is being committed by the accused, the court will not permit the accused to question the sufficiency of the affidavit and inquire into the truth thereof or into the reputation and standing of the affiant. We so held in the recent case of Bowen v. Commonwealth, 199 Ky. post, where we said:

"Whatever criticism might be made of an affiant who states in an affidavit as a positive fact that of which he only has information, it must be admitted that the search

warrant issued upon such an affidavit is a valid search warrant and is ample protection not only to the officer who issued it but to the officer who may execute it. And it must likewise be admitted that as the search warrant was valid on its face and issued upon an affidavit sufficient on its face, the evidence procured by the execution of such a valid search warrant cannot be said to be incompetent because of a subsequent attack upon the truth of the affidavit upon which it was based. At the time it was executed the paper itself and the supporting affidavit were perfectly regular and purported to give the officer executing it authority to make the search of appellant's premises, and the evidence thus procured may be used against him although the affidavit states on its face as a fact that which the affiant only had information of.''

The affidavit was, therefore, sufficient to support the warrant, and the warrant, being regular on its face, justified the search. The evidence given by the officers was competent. It was sufficient to support the verdict.

Judgment affirmed.