## Smee v. Commonwealth.

### (Decided June 1, 1923.)

### Appeal from Fayette Circuit Court.

1. Intoxicating Liquors—Affidavit for a Search Warrant Held Sufficient to Show Probable Cause.—Though the first part of an affidavit for a search warrant, stating that affiants had reasonable grounds for believing and did believe the liquor laws were being violated, was insufficient, a statement as their reasons for such belief that the house was covered with guards and the cook was seen unloading kegs which were believed to be whiskey and one of the cars smelled of whisky stated sufficient facts to show probable cause for believing there were intoxicating liquors in the house, so that the issuance of the search warrant was justified.

2. Criminal Law—Accused Cannot go Behind Search Warrant and Affidavit, Sufficient on Their Face.—Under a statute providing that no search warrant shall be quashed, if it and the affidavit, on which it is based, is sufficient on the face thereof, defendant cannot object to evidence procured by a search warrant valid on its face, on the ground that the affidavit, though sufficient on its face, was shown by the testimony of affiants to be based only on information.

J. J. McBRAYER for appellant.

THOS. B. McGREGOR, Attorney General, and EDWARD L. ALLEN, Assistant Attorney General, for appellee.

Opinion of the Court by Chief Justice Sampson—
Affirming.

Appellant Smee was convicted in the Fayette circuit court of the offense of unlawfully having in his possession spirituous liquors. His conviction was procured under and by reason of a search warrant issued upon an affidavit which appellant insists was wholly insufficient. The affidavit reads:

"Come the affiants, Al Brumfield, a deputy sheriff, and Frank Hall, a reputable citizen, and state that they have reasonable grounds for believing and do believe that the liquor laws of this Commonwealth are being violated by Zac Smee, who resides (or operates a place of business) at No. 862 on West Main street, Lexington, Ky., Fayette county, in the city of Lexington, Fayette county, Kentucky, and that on said premises spirituous, vinous, malt or intoxicating liquors are being manufactured, sold, kept for sale, bartered or possessed unlawfully, or that a still or apparatus designed for the manufacture of said liquors are unlawfully being possessed, in violation of the law. They state that the reasons for so believing are based upon the following facts: House was covered with guards and cook was seen unloading kegs which was believed to be whiskey and that one of the cars smelled of whiskey."

The first part of the affidavit copied above was wholly insufficient to have produced in the mind of the judge of the county court issuing the warrant probable cause for believing that appellant Smee was guilty of the offense charged against him. But the latter part of the affidavit reading, "They state that the reasons for so believing are based upon the following facts: House was covered with guards and cook was seen unloading kegs which was believed to be whiskey and that one of the cars smelled of whiskey," appears to supply the deficiency. This last sentence is a statement of facts and circumstances entirely sufficient, if believed, to produce in the mind of a judicial officer the belief that appellant Smee had in his house illegally intoxicating liquors at the time of the making of the affidavit. It shows that the house of appellant was being watched, that is, covered with guards, and appellant's cook was seen unloading the kegs which were believed to contain whiskey; and further that the residence or place of business of appellee was approached if not surrounded by automobiles of his confederates, one of

which smelt of whiskey. The affidavit was sufficient on its face to produce in the mind of the judicial officer who issued the warrant probable cause for believing that appellant Smee had intoxicating liquors in his possession.

Appellant insists, however, that when the cause came to trial the affiants were called as witnesses by appellant and it was demonstrated to the court that neither of said affiants had knowledge of the facts set forth in the affidavits but made the affidavits upon information only. This appears to be true. The act under which appellant is being prosecuted provides: "No such warrant as herein provided for shall be quashed if said search warrant and affidavit on which it is based are sufficient on the face thereof." The affidavit was sufficient on its face, and therefore appellant was not entitled to have the search warrant quashed. We have held in the recent case of Bowen v. Commonwealth, 199 Ky. 400, and Head v. Commonwealth, 199 Ky. 222, that where the affidavit was sufficient upon its face the accused would not be permitted to go behind the search warrant to inquire whether the facts stated in the affidavit were in truth known to the affiant at the time he made the affidavit for the search warrant.

As appellant practically admits that the evidence upon which he was convicted, if competent, was entirely sufficient to sustain the verdict, it will not be necessary to discourse upon the nature and weight of the evidence.

For the reasons indicated the judgment is affirmed.