## Alvey v. Commonwealth.

(Decided June 8, 1923.)

### Appeal from Daviess Circuit Court.

1. Intoxicating Liquors—Affidavit Held Sufficient to Authorize War-rant to Search for Liquors Unlawfully Possessed.—An affidavit stating that affiant had been in the premises to be searched and had seen defendant in possession of intoxicating liquor on the premises and had seen him make sales thereof, which were not for sacramental, medicinal, mechanical or scientific purposes, gave to the judge issuing the warrant probable cause for believing that defendant was guilty of the offense charged, and justified the issuance of a search warrant under Constitution, section 10.

2. Intoxicating Liquors—Evidence Held to Authorize Conviction for Possession, Notwithstanding Defendant's Absence at Time of Search.—Evidence that defendant, who had a bad reputation for bootlegging, had charge of a soft drink establishment, and had been there until a late hour on the night previous to the search, held sufficient to warrant a conviction for unlawfully having liquor in his possession, though at the time of the search he was not present, a clerk was in charge of the store, and defendant denied knowledge of the presence of the liquor.

3. Intoxicating Liquors—Instruction on Agency Held Unnecessary in Prosecution for Unlawful Possession.—Where the facts proved by the prosecution tended to show that defendant was guilty of hav-ing liquor in his possession, though only his clerk was present in his store when it was seized therein, it was not necessary to in-struct the jury upon the law of agency.

4. Intoxicating Liquors—Accused Cannot Object to Evidence Procured by Search Warrant on Ground Affiant was Not Reputable.—On a trial for unlawfully possessing intoxicating liquors, accused may not, on objection to evidence procured by search warrant regular on its face, issued upon an affidavit which was regular and which stated facts sufficient to show probable cause, go behind the war-rant to discover whether the affidavit was made by a reputable citizen as required by the Rash-Gullion act of 1922, section 14, the bad reputation of the affiant not invalidating the search war-rant.

AUD & HIGDON and SLACK, BIRKHEAD & SLACK for appel-lant.

THOS. B. McGREGOR, Attorney General, CHAS. W. LOGAN, As-sistant Attorney General, and FLOYD J. LASWELL for appellee.

Opinion of the Court by Chief Justice Sampson—Affirming.

Appellant, Alvey, assisted by Joe Harper, ran a soft drink stand and restaurant in Owensboro in 1922. The

police officers of the city became suspicious of Alvey's place because of rumors coming to them to the effect that he was bootlegging whiskey. They obtained a witness and took him before the county judge, who procured from the witness an affidavit which in part reads:

"The affiant says that his reasons for believing that intoxicating liquors are unlawfully kept for sale on said premises by the said Chas. F. Alvey are: that he has been in and on said premises and has seen said Chas. F. Alvey in possession of intoxicating liquors on said premises and has seen him make sales of said intoxicating liquors within the last sixty days and that said sales were not made for sacramental, medicinal, mechanical or scientific purposes."

Upon this affidavit the judge issued a search warrant for the place of business of Alvey, giving the street number and all necessary information. With this warrant the chief of police and several members of his force went to the Alvey restaurant and soft drink stand about 9:30 that morning. Appellant was absent but his clerk, Joe Harper, was conducting the place. The soft drink stand was operated in a room formerly used as a saloon. It had a bar and all fixtures usually connected with such an establishment. The officers found under the bar on the drain board a pitcher containing almost a quart of intoxicating liquors, with a glass. Near the pitcher was a jug containing almost five gallons of whiskey and an empty jug of about the same size which smelled of whiskey. In the same place were a number of bottles. These articles were seized by the officers to be used as evidence. Appellant Alvey was convicted and his punishment fixed at a fine and jail sentence within the jurisdiction of this court.

He asks a reversal of the judgment (1) upon the ground that the warrant was not supported by a sufficient affidavit and therefore the evidence given by the officers as to what they found in his place should have been excluded upon his motion made for that purpose. His only serious contention is that he was absent from his place of business and did not know that there was any whiskey in the establishment and that the evidence was insufficient to sustain a conviction. He also says that the court should have instructed the jury upon the law of agency. There are other complaints which we will notice incidentally.

The affidavit of which appellant complains is almost in exactly the same words as the one considered in the case of Head v. Comth., decided by this court May 15th, 1923, and found in 199 Ky. 222. In that case we held the affidavit sufficient and for the same reason we think the affidavit under consideration presented to the judge issuing the warrant probable cause for believing that the accused was guilty of the offense charged, and justified the issual of the warrant under the Constitution, section 10.

Appellant was accused of unlawfully having liquor in his possession, and it did not matter that he had a clerk in the store. The store was in appellant's possession. The warrant accused Alvey of the offense, not the clerk. The evidence proved very convincingly that the place was under the direction of Alvey and that Alvey had a bad reputation for bootlegging. He had been in his place the day before and remained until a late hour on the night previous to his arrest. In his testimony he denied knowledge of the liquor but did not undertake to explain how it came to be in his house under his bar, some of it so arranged as to be easily served to patrons. The evidence for the Commonwealth was abundant. It was not necessary under the facts in this case to instruct upon the law of agency. The facts proven tend to show that appellant was guilty of having liquor in his possession.

It is next insisted that the witness who made the affidavit upon which the search warrant was issued was not a "reputable citizen" within the meaning of section 14 of the Rash-Gullion act, 1922, and therefore the warrant should have been quashed. This same question was made in the case of Head v. Commonwealth, *supra,* where we held that the appellant may not go behind the warrant to discover whether the affidavit was made by a "reputable citizen" if the affidavit on its face be regular and state facts sufficient to produce in the mind of the judge probable cause, within the meaning of the Constitution. See also Bowen v. Commonwealth, 199 Ky. 400.

The instructions presented the law of the case. No error to the prejudice of the substantial rights of appellant appearing, the judgment is affirmed.

Judgment affirmed.