## Wagner v. Commonwealth.

(Decided June 19, 1923.)

### Appeal from Christian Circuit Court.

1.  Intoxicating Liquors—Affidavit Based on Information and Belief is Insufficient.—An affidavit for a search warrant based on mere information and belief is not sufficient, but it must state facts ordinarily calculated to induce in the mind of a reasonable person the belief that intoxicating liquors were unlawfully possessed on the premises proposed to be searched.

2.  Intoxicating Liquors—Affidavit Held Sufficient to Produce Reasonable Belief.—An affidavit of two affiants that they laid in wait at night and saw two individuals, who had a bad reputation as bootleggers, enter the outhouse of accused and saw another take into them a sack which he set down, making a noise as of bottles. and that they saw defendant carry fruit jars and other

stuff from there to his house, held sufficient to induce a reasonable belief that intoxicating liquors were unlawfully possessed by defendant on the premises.

3. Criminal Law—Instruction to Acquit if Jury Found Affidavit for Search Warrant was Untrue was Properly Refused.—In a prosecution for unlawful possession of liquor, where evidence procured by a search warrant was admitted, it was not error to refuse an instruction to acquit defendant if the jury found that the facts stated in the affidavit for search warrant were not true, since the admissibility of the evidence obtained by search warrant does not depend upon the ultimate truth of the facts stated in the affidavit, but only upon the sufficiency of those facts on their face to warrant a reasonable belief.

O. H. ANDERSON for appellant.

THOS. B. McGREGOR, Attorney General, and EDWARD L. ALLEN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Appellant, who was convicted of the unlawful possession of intoxicating liquor, asks a reversal of the judgment on several grounds.

Appellant conducts a boarding house in the city of Hopkinsville. On the premises is an outhouse, which theretofore had been occupied by boarders, but was unoccupied when the alleged offense was committed. On the night of December 15, 1922, three policemen of the city, armed with a search warrant which had been issued by the police judge, went to appellant's residence. One of the policemen went to the front door, while the other two stationed themselves near the outhouse. According to the evidence for the Commonwealth, appellant was called to the front door and informed by the policeman that he had a search warrant for the outbuildings. When the policeman started to read the search warrant appellant ran back through the house towards the outhouse, and said to the two policemen standing near the outhouse, "I am willing to give up." Thereupon, the policemen, who had been at the front door, joined the other two policemen, and they went into the outhouse, where they read the search warrant by the light of a lamp. After the search warrant, they searched the house and found a quantity of moonshine whiskey and also about two gallons of whiskey outside the door of the outhouse. Appellant denied that the officer at the front door attempted to read the warrant to him, and claimed that he was arrested before the warrant was ever read to him.

He also claimed that he knew nothing at all about the presence of whiskey on his premises, and a considerable portion of the record is made up of the testimony tending to show that the facts stated in the affidavit were not true.

The affidavit, which was signed and sworn to by J. W. Boyd and L. B. Litchfield, is as follows:

"The affiants, J. W. Boyd and L. B. Litchfield, state on oath that they are residents of Christian county, Kentucky, and that they know and believe that intoxicating liquors are contained in the outbuildings on the premises lcoated at Fifth street, in the rear of the house occupied by M. E. Wagner, in the city of Hopkinsville, county of Christian, and state of Kentucky, at No. 415 South Clay street and occupied by M. E. Wagner, or his tenants, and that intoxicating liquors are there being sold, or suspected of being sold, or disposed of in violation of law, or kept for sale or other disposition in violation of law, and all for the reasons stated on the reverse side hereof. (Reverse side.) That they received information that intoxicating liquors were being brought into said outbuildings on Friday nights; that they laid in wait, and believe they saw John Dukes and one of his sons, both of whom have a reputation for being violators of the liquor laws, enter therein, and one man whom affiants believe to be another son of John Dukes, enter the house with a sack upon his back; that he sat down said sack, and affiant, Litchfield, heard the noise of said sack being deposited on the pavement, and that it sounded like bottles, or jugs, and all of which occurred on Friday night, December 15th, 1922, and that the said J. W. Boyd saw M. E. Wagner carrying fruit jars and other stuff from said outhouse to his house."

It is the settled rule in this state that an affidavit for a search warrant based on mere information and belief is not sufficient, Price v. Commonwealth, 195 Ky. 711, 243 S. W. 927, but that the affidavit should state facts ordinarily calculated to induce in the mind of a reasonable person the belief that intoxicating liquors were unlawfully possessed on the premises proposed to be searched. Though the statements therein contained are not very clearly expressed, we think the affidavit, when fairly construed, alleges the following facts: The affiants lay in wait and saw two men whom they believed to be John Dukes and one of his sons enter the outbuilding.

They also saw another man, whom they believed to be another son of John Dukes, enter the same building with a sack on his back and set the sack down. When he did this, one of the affiants heard the noise from the sack being deposited on the pavement, and it sounded like bottles and jugs. The other affiant also saw appellant carrying fruit jars and other stuff from the outhouse to his residence. As the foregoing occurrences took place in the nighttime, and the affidavit alleged that the Dukes had the reputation of being violators of the liquor law, and that appellant himself was seen carrying fruit jars and other stuff from the outhouse to his residence, we think the facts stated were sufficient to induce in the mind of the court issuing the search warrant the belief that intoxicating liquors were unlawfully possessed by appellant in the outbuilding proposed to be searched.

But it is insisted that the court should have instructed the jury to find appellant not guilty if they believed from the evidence that the alleged facts and circumstances stated in the affidavit were not true. Such is not the rule in this state. Our practice does not make the admissibility of evidence obtained by search warrant depend upon the ultimate truth of the facts stated in the affidavit for the search warrant. On the contrary, if the affidavit and search warrant are sufficient on their face, the evidence obtained by the search is admissible, and the court will not permit the accused to show that the facts stated in the affidavit were not true. Walters v. Comlth., 199 Ky. 182, 250 S. W. 839; Smee v. Comlth., 199 Ky. 488, 251 S. W. 622; Bowen v. Comlth., 199 Ky. 400. 251 S. W. 625; Head v. Comlth., 199 Ky. 222, 250 S. W. 848.

There is no merit in the contention that the evidence was not sufficient to authorize the instructions or that the verdict was flagrantly against the evidence.

Judgment affirmed.