## Lewis v. Commonwealth.

(Decided October 16, 1925.)

### Appeal from Jefferson Circuit Court (Criminal Division).

1. Criminal Law—Admission of Evidence Found by Search Not Ground for Complaint, where Defendant did Not Object to its Introduction.—In liquor prosecution, admission of evidence found by search held not ground for complaint, where defendant offered no objection to its introduction.

2. Criminal Law—Evidence of Unlawful Possession of Intoxicating Liquors Obtained on Search Under Valid Search Warrant Held Admissible.—In liquor prosecution, evidence of unlawful possession of intoxicating liquor obtained on search of defendant's premises under valid search warrant held admissible, though affidavit stated only that affiant knew that intoxicating liquor was possessed and sold on defendant's premises, where there was nothing to show that affiant's statement that he knew that liquor was possessed at defendant's place was untrue.

3. Criminal Law—Officer's Testimony that he Watched Defendant's Place for Some Time Before Search for Intoxicating Liquors Held Not Ground for Complaint, where Stricken by Court.—In liquor prosecution, that officer was allowed to testify to having watched defendant's place for some time before the search held not ground for complaint, where on defendant's motion that part of officer's evidence was stricken by court.

4. Intoxicating Liquors—Warrant to Search Defendant's Place for Intoxicating Liquors Held Not a Federal Search Warrant.—Warrant to search defendant's place for intoxicating liquors, issued by a state officer, held not to constitute a federal search warrant, because officer who made affidavit therefor had been furnished with information by a federal prohibition officer, and that such officer accompanied the officers when search was made.

J. L. RICHARDSON for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The appellant seeks to reverse a judgment imposing upon him a fine of $100.00 and a jail sentence of thirty days for illicit possession of intoxicating liquor. His residence was searched on March 31, 1924, and a half-gallon of colored liquor and a half-pint of white liquor was found. To reverse that judgment he insists that this

was an illegal search, and the evidence obtained as a result thereof should not have been used against him. The affidavit upon which the search warrant was issued contained the following averment:

"Affiant states that he knows that intoxicating liquor is possessed and sold in and upon the above described premises, contrary to and in violation of the Kentucky prohibition law, this 31st day of March, 1924."

The police officer who made this affidavit admitted on cross-examination to having no knowledge of any sale of liquor being made from this place, but the officer was not asked about knowledge of liquor being kept or possessed at this place. For this reason appellant insists that no evidence should have been admitted of what was found by the search. However, he did not object to the introduction of the evidence when it was offered, but if he had, it would not have availed him, for this court has said that evidence procured by a search, made under a valid search warrant, may be used although the affidavit states on its face as a fact things of which the affiant only had information. See Bowen v. Commonwealth, 199 Ky. 400, 251 S. W. 625.

Further, there was nothing to show that the officer's statement that he knew that liquor was possessed at this place in violation of the law, was untrue.

Appellant complains because police officer Crabb was allowed to testify to having watched the place for some time before the search; but that cannot avail him, because upon his motion that part of the officer's evidence was stricken by the court.

His next contention is that this was a federal search warrant and the only basis for that contention is that police officer Pierce, who made the affidavit for the search warrant, had been furnished with certain information by one Lee Roberts, a federal prohibition officer, and that Lee Roberts accompanied the officers at the time the search was made. That, however, does not make this a federal search warrant, and that was all that the prohibition officer had to do with the matter. He did not make the affidavit. The search warrant was not issued by a federal officer, but was issued and executed by a state officer.

As there was abundant evidence to support the verdict, and no prejudicial error is found in the record, the judgment is affirmed.