## Mann v. Commonwealth.

(Decided January 29, 1926.)

### Appeal from Jefferson Circuit Court (Criminal Division).

1. Criminal Law—Intoxicating Liquors—Affidavit for Search Warrant Held Not to Show Affiant was on Premises Illegally, and Evidence Obtained Admissible.—Affidavit for search warrant, stating that, while officer was "in front of said premises," he smelled odor of cooking mash, does not show on its face that affiant was illegally on defendant's premises for purpose of obtaining evidence to procure search warrant, and hence evidence obtained under search warrant issued on such affidavit was competent.

2. Criminal Law—Search Warrant and Affidavit Need Only be Valid on Their Faces to Admit Evidence Obtained Thereunder, and Parol Evidence is Inadmissible to Question Affidavit.—Search warrant and affidavit on which it was issued need only be valid on their faces to admit evidence obtained thereunder, and parol evidence is not admissible to determine sources of information contained in affidavit or legality of its procurement.

3. Criminal Law—Fact that Federal Officer Aided City Police in Procuring Search Warrant Held Not to Make it a Federal Prosecution, Applying Federal Rule of Admissibility of Evidence.—In prosecution for possession of liquor, fact that a federal prohibition officer directed and assisted city police in procuring issuance of search warrant, and accompanied police officer to execute it, does not make it a federal rather than a state prosecution so as to make federal rule concerning admission of evidence procured under search warrant applicable.

J. L. RICHARDSON and W. G. DEARING for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE—Affirming.

Upon the affidavit of a member of the police force of the city of Louisville a search warrant was issued by a justice of the peace of Jefferson county directing a search of the premises of appellant for intoxicating liquors. The warrant was addressed to and executed by policemen of the city who discovered nineteen 5-gallon jugs of moonshine whiskey in the kitchen of appellant's residence. He was arrested, taken before the justice and charged with the unlawful possession of the liquor. Upon his trial

he was convicted and his punishment fixed at a fine of $200.00 and 60 days' confinement in jail. He appealed to the Jefferson circuit court and upon his trial there was again convicted and his punishment fixed at a fine of $300.00 and 60 days in jail.

Upon this appeal from that judgment he complains that the evidence disclosed by the search upon which he was convicted was incompetent and that the court erred in admitting it over his objections and exceptions and in refusing to exclude it and direct his acquittal.

It is admitted that the search warrant was sufficient to authorize the search but insisted that the affidavit upon which it issued is insufficient to support the warrant. The affidavit, admittedly sufficient in other respects, contains the averment that "on September 4, 1923, while in front of said premises he (affiant) smelled the unmistakable odors of cooking mash and the plain and obvious odors coming from said premises, such odors as come from the unlawful manufacture of intoxicating liquors."

The first insistence is that this allegation upon its face shows that affiant at the time he detected these odors was illegally upon appellant's premises for the purpose of obtaining evidence to procure a search warrant.

Waiving its materiality it is obvious this is not true, since the phrase, "while in front of said premises" is not susceptible of being construed as meaning "while upon said premises." It is therefore clear that *prima facie* both the affidavit and warrant are legally sufficient, and this being true the evidence obtained thereunder is competent under our practice. Walters v. Commonwealth, 199 Ky. 182, 250 S. W. 839; Wagner v. Commonwealth, 199 Ky. 821, 251 S. W. 1021; Abraham v. Commonwealth, 202 Ky. 491, 260 S. W. 18; Dolan v. Commonwealth, 203 Ky. 400, 262 S. W. 574; Lewis v. Commonwealth, 210 Ky. 610, 276 S. W. 537.

An examination of these cases will show our rule for determining the admissibility of evidence obtained by search permits inquiries only as to whether the search warrant and affidavit on which it was issued were valid on their faces, and parol evidence is not admissible as is the practice in the federal courts to determine the source of the information contained in the affidavit or the legality of its procurement.

It therefore is clear that under our practice there is no merit in the contention that the court erred in the admission of this evidence or in refusing to direct an acquittal.

Appellant's next and final contention is that because, as proven by him after the Commonwealth had closed its case, a federal prohibition officer directed or assisted the city police department in procuring the issuance of the search warrant and accompanied the police officers to execute it, that this is in fact a federal rather than a state prosecution, and therefore the federal rather than the state practice controlled and should have been observed in testing the admissibility of the evidence procured under the search warrant.

The same contention upon substantially the same facts was made and overruled in the Lewis case, *supra*, and is clearly without merit.

Judgment affirmed.