## Commonwealth v. Thacker.

(Decided May 14, 1929.)

J. W. CAMMACK, Attorney General, WM. J. BAXTER and JESSE D. KASH for appellant.

GARDNER K. BYERS and HERBERT H. MOORE for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Certifying the law.

This is an appeal for a certification of the law. Sarah Thacker was indicted on the charge of having in her possession intoxicating liquors, and the indictment charged a previous violation of the law and a conviction. At the conclusion of the evidence the trial court instructed the jury to acquit the defendant, and the commonwealth, believing that the instruction was erroneously given, appealed so that the law may be certified for the future guidance in the trial of such cases.

We find little in the record upon which to base a certification of the law. Counsel for Thacker state, in their brief, that the trial court based his ruling in sustaining the motion for a directed verdict on one ground, while the Attorney General states, in his brief, that it was on another ground. The Attorney General thus states the question for determination: "There is only one question to decide in this case and that is did the court err in admitting parol evidence to determine the truth or falsity of the affidavit upon which the search warrant was issued, and after hearing said proof gave a peremptory instruction to find the defendant not guilty."

Counsel for Thacker thus state the question for determination: "It is respectfully submitted that this is not at all the question to be decided in this appeal (referring to question as stated by attorney general). This court has frequently held that the affidavit and search warrant cannot be collaterally attacked and we may concede that the evidence heard on the question of the sufficiency of the supporting affidavit was incompetent. The real question in this case is whether or not the affidavit was sufficient on its face."

Counsel for appellee having conceded that the law is as contended by the Attorney General on the point raised by the Attorney General, we might end the opinion by stating that the law is as agreed upon by counsel on both sides. When a search warrant is valid on its face, and when the affidavit forming the basis of the issuance of the search warrant is sufficient on its face, the truth of the affidavit cannot be inquired into. On the trial of the case evidence may not be received which shows, or tends to show, that the facts are not as stated in the affidavit. Walters v. Commonwealth, 199 Ky. 182,

250 S. W. 839; Head v. Com., 199 Ky. 222, 250 S. W. 848; Smee v. Com., 199 Ky. 488, 251 S. W. 622; Bowen v. Com., 199 Ky. 400, 251 S. W. 625; Alvey v. Com., 199 Ky. 658, 251 S. W. 856; Wagner v. Com., 199 Ky. 821, 251 S. W. 1021.

It is well established that in order to sustain a search warrant the affidavit upon which it is based must contain a positive statement of the ultimate facts authorizing the search, and if the affidavit does not contain such a statement of ultimate facts, it is insufficient to establish reasonable cause for the issuance of the warrant. Walters v. Com., supra. We do not know whether the affidavit under consideration on the trial of this case below was sufficient, and we have no way to determine as it is not in the record.

Law certified.