### Hudgeons v. Commonwealth.

(Decided April 24, 1931.)

T. C. BENNETT for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE BRATCHER—Reversing.

This is a motion for an appeal from a judgment of the Caldwell circuit court convicting John W. Hudgeons of the offense of having spirituous and intoxicating liquor in his possession, and a fine of $150 and thirty days in jail. The sole question before this court is the validity of the affidavit for the search warrant, as all the evidence of the commonwealth being obtained by a search of the premises of the defendant Hudgeons. It appears that on March 26, 1930, Julian Anderson, a colored man, made the affidavit before John E. Pilaut, a magistrate of Caldwell county. The affidavit is as follows:

"Affidavit for Search Warrant
"State of Kentucky, Caldwell County—Sct.

"The affiant, Julian Anderson, says that he is a resident of the State aforesaid, and residing in the County aforesaid at this time.

"The affiant further states that he has reason to believe and does believe and knows that John W. Hudgeons has in his possession unlawfully, spiritous, vinous, malt or intoxicating liquor, and not for sacremental, scientific, medicinal or mechanical purposes.

"That said whiskey or intoxicating liquor is kept on, as this affiant believes, the said John W. Hudgeons' farm, which is located in the Mt. Hebron section of Caldwell County and that said farm is bounded on the west by the farm of Robert Metcalf, on the southeast by the farm of Frank Ashby, and that said farm of J. W. Hudgeons lies at and between said above named farms. That said whiskey is kept as this affiant believes either in the residence of said

J. W. Hudgeons or in the outbuildings on said farm adjacent to the dwelling house.

his<br>
"Julian X Anderson, Affiant<br>
mark

"Witness: T. W. Jones."

Upon this affidavit a search warrant was issued commanding the sheriff of Caldwell county to search the premises and outbuildings adjacent to the dwelling house and the dwelling house on the farm of Hudgeons. This was done by three deputy sheriffs of Caldwell county. As a result of the search, two gallon jugs of whiskey were found in the dwelling house. This was found in a closet in the kitchen. It was in a back room of the house under lock. There was no other evidence introduced by the commonwealth except that obtained by reason of the search warrant.

It is argued that the affiant was an irresponsible, unreliable, transient negro. This ground is without merit, as this court has held in long line of decisions, where an affidavit conforms to the requirements and produces in the mind of the officer the existence of a probable cause that an offense is being committed and that the accused is the guilty party and the affidavit is on its face sufficient, the accused will not be allowed to question the reputation and standing of the affiant. Head v. Commonwealth, 199 Ky. 222, 250 S. W. 848; Alvey v. Commonwealth, 199 Ky. 655, 251 S. W. 856; Bowen v. Commonwealth, 199 Ky. 400, 251 S. W. 625; Wagner v. Commonwealth, 199 Ky. 824, 251 S. W. 1021.

A reading of the affidavit set out in the transcript raises the question as to whether or not it meets the requirements laid down in requiring the affidavit to state facts from the existence of which a probable cause may be determined. The affiant, Anderson, in the first part of the affidavit states that "he has reason to believe and does believe and knows" that Hudgeons has liquor in his possession. It is argued that the words "and knows" states a fact, but the more serious question comes in the last paragraph of the affidavit.

When he attempts to describe the place where the liquor is kept, the very thing for which the search warrant was issued, the affidavit fails to meet that requirement. In describing the place where the liquor is kept it only states that he believes that it is kept in the resi-

dence, outbuildings and premises adjacent to Hudgeons and describes the farm. He fails to state as a fact that liquor is kept in this house or premises or to state facts or circumstances upon which a belief might be based with any reasonable degree of certainty that liquor is kept on the premises described. There is not a sufficient statement of facts or circumstances that the judicial officer issuing the search warrant might determine the existence of a probable cause as required in issuing a search warrant.

We therefore conclude that the circuit court erred in permitting the evidence obtained by this search warrant to go to the jury, and as all the commonwealth's evidence was thus obtained, the overruling of the defendant's motion for peremptory instruction was erroneous. Maynard v. Commonwealth, 201 Ky. 593, 257 S. W. 1024; Craft v. Commonwealth, 197 Ky. 612, 247; S. W. 722; Taylor v. Commonwealth, 197 Ky. 289, 246 S. W. 814.

Wherefore the motion for appeal is granted, and judgment reversed, and the cause remanded for proceedings not inconsistent with this opinion.