Dayton MILBY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 14, 1958.

George O. Bertram, Campbellsville, for appellant.

Jo M. Ferguson, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

PER CURIAM.

This is a motion for an appeal from a judgment convicting Dayton Milby of the second offense of possessing alcoholic beverages for the purpose of sale in local option territory. The punishment imposed by the jury was a fine of $200 and a sentence of 120 days in jail.

Milby urges these grounds for reversal: (1) The affidavit for the search warrant was insufficient, so that the search was illegal and the evidence obtained thereby was inadmissible; and (2) the lower court failed to instruct on the whole law of the case.

The affidavit for the search warrant stated, in part, that appellant "had" alcoholic beverages in his possession for sale in local option territory on April 5, 1958. It is argued that the use of the past tense in the manner indicated, with no reference as to how far back Milby had liquor in his possession or under his control, rendered the affidavit invalid. We have many times held an allegation that a person had alcoholic beverages in his possession within a reasonable period of time preceding the date of the affidavit is sufficient to authorize the issuance of a search warrant. In the following cases affidavits were involved which used past tense expressions and such language was approved: Ingram v. Commonwealth, 200 Ky. 284, 254 S.W. 894; Alvey v. Commonwealth, 199 Ky. 655, 251 S.W. 856; Head v. Commonwealth, 199 Ky. 222, 250 S.W. 848. We therefore conclude the affidavit in the case at bar was valid.

It is next contended the lower court gave no instruction on the particular crime charged but, instead, required the jury to determine Milby's guilt or innocence solely on the basis of a second offense violation. See KRS 242.990(1). Proper instructions in a case of this kind should permit the jury to return three possible verdicts: (1) Not guilty; (2) guilty of the particular or principal crime charged; (3) guilty of a second offense violation. See Hamm v. Commonwealth, Ky., 300 S.W.2d 562. The bill of exceptions discloses that instructions covering these three aspects of this case were given.

Wherefore, the motion for an appeal is overruled and the judgment is affirmed.