## Dolan v. Commonwealth.

(Decided May 27, 1924.)

### Appeal from Jefferson Circuit Court (Criminal Division).

1. Criminal Law—Intoxicating Liquors—if Affidavit and Search Warrant Sufficient on Face, Evidence Obtained Admissible, Notwithstanding Statements Not True.—If affidavit and search warrant are sufficient on their face, evidence obtained by search is admissible, and court will not permit accused to show that statements in affidavit are not true or to raise any question as to accuracy or source of affiant's information or means by which it was obtained.

2. Intoxicating Liquors—Information Obtained by Sense of Smell Sufficient to Create Probable Cause for Search Warrant.—Information obtained by affiant by sense of smell is sufficient to create probable cause for an officer to issue a search warrant to search for intoxicating liquors.

G. F. WYCOFF and GEORGE G. BUCKINGHAM for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This is an appeal from a judgment convicting appellant of having in his possession an illicit still and other apparatus designed for the unlawful manufacture of intoxicating liquors, and fixing his punishment at a fine of $300.00 and confinement in the county jail for a period of ninety days.

A reversal is asked on the ground that all the evidence was obtained by an illegal search and was therefore inadmissible..

The facts are these: The search was made under a search warrant issued on an affidavit by J. W. Crutcher,

a police officer of the city of Louisville. After reciting that the affiant had good reason to believe, and did believe, that intoxicating liquors were being sold, or manufactured or disposed of, or illegally possessed, for other than medicinal, sacramental, scientific or mechanical purposes, upon appellant's premises at 1425 Rufer avenue, Louisville, Ky., the affidavit is as follows:

"That his reason for believing that intoxicating liquors are being sold or manufactured or disposed of or illegally possessed in violation of the statute in such cases made and provided, are as follows:

"The affiant states that on July 20, 1923, he smelled the plain and unmistakable odors of intoxicating liquors coming from and out of said premises. Affiant further states that when he smelled said liquors and fumes he was on the public sidewalk immediately in front of the above described premises and that he is positive and certain that said odors and fumes came from the above described premises."

The search warrant was issued immediately, and on the same day two other officers searched at 1425 Rufer avenue and found a hundred gallon still in operation and "the whiskey running out very hot." They also found five gallons of whiskey, five hundred gallons of whiskey mash and eighty gallons of beer mash. After the officers who had made the search testified to the foregoing facts, the Commonwealth rested. Thereupon appellant introduced J. W. Crutcher, the officer who made the affidavit for the search warrant, who testified that he went on appellant's premises and knocked at the door intending to represent himself as an insurance man if any one answered, but that no one answered. While at the door and at a side window, he smelled cooking mash, but did not smell anything until after he went on the premises, which he did for the purpose of "trying to get a smell."

In view of this evidence, it is insisted that the search was illegal. The argument is that Crutcher went on the premises for the purpose of obtaining evidence against appellant. To that end he was engaged in a search without a search warrant. That being true, the information thus obtained was not admissible against appellant and could not be made the foundation of a search warrant. It is the rule in this state that if the affidavit and search warrant are sufficient on their face, the evidence obtained by the search is admissible, and the court will not permit the accused to show that the statements in the affidavit are

not true, or to raise any question as to the accuracy or source of the affiant's information, or the means by which it was obtained. Wagner v. Commonwealth, 199 Ky. 821, 251 S. W. 1021; Bowen v. Commonwealth, 199 Ky. 400, 251 S. W. 625; English v. Commonwealth, 200 Ky. 103, — S. W. ——. It is also the rule that information obtained by affiant by a sense of smell is sufficient to create probable cause for an officer to issue a search warrant to search for intoxicating liquors. Commonwealth v. Diebold, 202 Ky. 315, —— S. W. —; Abraham v. Commonwealth, 202 Ky. 491, —— S. W. —. As the search was made under a valid search warrant based on an affidavit sufficient on its face, it follows that the evidence obtained by the search was properly admitted.

Judgment affirmed.