## WALTER PHILLIPS v. STATE.

No. A-5234. Opinion Filed Feb. 13, 1926.
Rehearing Denied April 3, 1926.
(244 Pac. 451.)

C. C. Wells and Percy Powers, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Greer county on a charge of manufacturing whisky, his punishment fixed at confinement in the county jail for a period of 30 days and a fine of $200.

The record discloses that defendant was a tenant on the farm of H. L. Meacham. At the time of the offense charged he had occupied the premises for two years. On the 21st day of December, 1923, certain officers with a search warrant went to the premises and made a search. In the field a considerable distance from the residence they found a concealed dugout, in which were two copper stills, a four hole oilstove, several barrels of mash, and some whisky. The stills were full of mash and were warm. The dugout was some 20 feet in length, was stoutly timbered, and the timbers were mouldy and showed evidence of having been in place for some time. The door was covered with dirt. The dugout was in a field of Sudan grass, planted in rows, the rows leading up to the dugout, but it had not been planted on top. The evidence of the manufacture of whisky and the connection of the defendant was entirely circumstantial. The defendant denied any knowledge of or connection with the dugout or its contents. Three assignments of error are presented in defendant's brief as follows: That the information is not sufficiently definite; that the court erred in admitting evidence obtained by the search warrant; the insufficiency of the evidence.

The first assignment is directed to the failure of the information to state the particular place where intoxicating liquors were manufactured, it being argued that an information charging the offense to have been committed in Greer county is not sufficiently definite. We know of no rule of pleading, and none has been called to our attention, that requires a more specific designation of the place where a crime is charged to have been committed than that it was committed in the county in which the prosecution is instituted. We perceive no distinction between the charging of the offense of manufacturing intoxicating liquors and a charge of any other violation of the criminal law. Certainly the general charge that the offense was committed in the county is sufficient.

Under the second assignment, it is contended that the court erred in excluding evidence sought to be elicited on cross-examination that the affidavit for search warrant in fact was sworn to on information and belief, although positive in form. The sufficiency of the affidavit and warrant are not challenged, but defendant sought to show that the officer making the affidavit did not have positive knowledge that intoxicating liquors were being manufactured on the premises in question, and that for that reason the affidavit was in effect an affidavit on information and belief.

The state Constitution (article 2, § 30), provides:

"* * * No warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized."

The statute under which the search warrant was issued (section 7009, Comp. Stat. 1921), is, in part, as follows:

"If it shall be made to appear to any judge or any court of record or any justice of the peace that there is

probable cause to believe that liquor, the sale of which is prohibited by this act, is being manufactured, * * * such judge or magistrate shall, with or without any indorsement of such complaint by the county attorney, issue a warrant, directed to any peace officer, in the county, whom the complaint may designate, commanding him to search the premises described, and designated in such complaint and warrant and to seize all such liquor there found, together with the vessels in which it is contained, and all implements, furniture and fixtures used or kept for such illegal manufacture.* * *"

This court has held that a complaint must be positively verified, and if verified on information and belief it is void. Gore v. State, 24 Okla. Cr. 394, 219 P. 545. Whitehead v. State, 28 Okla. Cr. 193, 230 P. 291.

The sufficiency in form or substance of the affidavit for search warrant and the search warrant itself may be challenged by a motion to suppress evidence or by an objection to the admission of evidence. Such challenge is to be determined by the trial court. It is never a question for the jury. The purpose of the verified complaint for search warrant is to invoke the judicial power of the magistrate, and, when filed, it is the duty of the magistrate to determine judicially if there is probable cause for believing the existence of the things stated in the affidavit. In so determining the magistrate exercises a judicial function. Whether or not he errs in his conclusion or whether or not the affidavit upon which the search warrant is obtained is true is not an issue under the trial of a case predicated upon evidence obtained by such search warrant. Alvey v. Commonwealth, 251 S. W. 856, 199 Ky. 655; Bowen v. Commonwealth, 251 S. W. 625, 199 Ky. 400; State v. English, 229 P. 727, 71 Mont. 343; People v. Haas, 44 N. W. 928, 79 Mich. 449; Potter et al. v. Barry, 120 N. W. 586, 156 Mich. 183.

In Dolan v. Commonwealth, 262 S. W. 574, 203 Ky. 400, it was said:

"* * * It is the rule in this state that, if the affidavit and search warrant are sufficient on their face, the evidence obtained by the search is admissible, and the court will not permit the accused to show that the statements in the affidavit are not true, or to raise any question as to the accuracy or source of the affiant's information, or the means by which it was obtained * * *"—citing authorities.

Upon the final assignment of error that the evidence is insufficient, we have carefully read the record, and, while the evidence is circumstantial, it is sufficient from which the jury might reasonably and logically find the guilt of the defendant. The verdict will not be disturbed for the reason of the insufficiency of the evidence.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.