# FRANK RAY v. STATE.

No. A-6684. Opinion Filed April 6, 1929.
Dissenting Opinion April 10, 1929.
Rehearing Denied April 27, 1929.
(276 Pac. 785.)

2

Bond & Bond and S. H. Singletary, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Stephens county on a charge of having possession of whisky with intent to barter, sell, give away, and otherwise furnish the same to other persons contrary to law, and was sentenced to pay a fine of $200 and to be imprisoned in the county jail for 30 days. Motion for new trial was filed and overruled and exceptions saved, and the case appealed to this court.

When the state offered the evidence procured under the search warrant, the defendant objected on the ground that the affidavit was based on information and belief. This objection was overruled by the court, the evidence admitted, and defendant now urges error in admitting this evidence, claiming the affidavit was insufficient to warrant the issuance of the search warrant.

The burden of proving the invalidity of the search rested on the defendant and not on the state. The trial court permitted the defendant to cross-examine the witness who made the affidavit for the search warrant as to his knowledge and information upon which the affidavit was based, although the affidavit on its face purported to be sworn to as to some allegations on personal knowledge and as to others on information on facts therein stated, and the affidavit was positively sworn to.

In the case of Phillips v. State, 34 Okla. Cr. 52, 244 Pac. 451, this court held:

"The sufficiency in form or substance of the affidavit for search warrant and the search warrant itself may be challenged by a motion to suppress evidence or by an objection to the admission of evidence. Such challenge is to be determined by the trial court. It is never a question for the jury. The purpose of the verified complaint for search warrant is to invoke the judicial power of the magistrate, and, when filed, it is the duty of the magistrate to determine judicially if there is probable cause for believing the existence of the things stated in the affidavit. In so determining the magistrate exercises a judicial function. Whether or not he errs in his conclusion or whether or not the affidavit upon which the search warrant is obtained is true is not an issue under the trial of a case predicated upon evidence obtained by such search warrant"—the court also citing Alvey v. Commonwealth, 199 Ky. 655, 251 S. W. 856; Bowen v. Commonwealth, 199 Ky. 400, 251 S. W. 625; State v. English, 71 Mont. 343, 229 Pac. 727; People v. Haas, 79 Mich. 449, 44 N. W. 928; Potter et al. v. Barry, 156 Mich. 183, 120 N. W. 586, in support of this decision.

In Dolan v. Commonwealth, 203 Ky. 400, 262 S. W. 574, it was said:

"* * * It is the rule in this state that if the affidavit and search warrant are sufficient on their face, the evidence obtained by the search is admissible, and the court will not permit the accused to show that the statements in the affidavit are not true, or to raise any question as to the accuracy or source of the affiant's information, or the means by which it was obtained. * * *"

The sufficiency of the affidavit in this case must therefore be tested from the affidavit itself and not by reason of any extraneous testimony of the person sworn. It was improper for the court to permit the defendant to cross-examine Hill, who made the affidavit for the search warrant.

In the case of Baker v. State, 28 Okla. Cr. 408, 231 Pac. 320, this court said:

"There are three forms of affidavits for search warrants more or less prevalent.

"(1) Affidavits on mere information or belief.

"(2) Affidavits importing positive knowledge of the possession of the instruments or things used or obtained in violating the law.

"(3) Affidavits setting out facts showing probable cause for a belief that the law has been violated by the accused and facts showing probable cause for believing that the accused is in possession of the instruments used in its violation or of the products of its violation.

"Method numbered 1 is always bad. Method numbered 2 may be employed where the affiant can truthfully state of his own personal knowledge that the law has been violated and that the accused is in possession of the physical evidence demonstrating that fact. Method numbered 3 is sufficient in every case, and is therefore the safer method."

In the body of the opinion this court says:

"The affiant should swear to facts showing probable cause for his belief. That does not mean that the affiant must know absolutely that the person is a thief, or has liquor in his possession, or is guilty of some other offense. To make an affidavit based on positive knowledge of guilt would in many instances be impossible, but the affidavit should state facts upon which the belief is founded. The records of this court have demonstrated, over and over again, that most sheriffs and peace officers (also some county attorneys) do not comprehend the true purpose and requisite features of an affidavit for a search warrant. To obviate this misconception we make these further explanations: In every instance the affidavit should state some fact or facts showing probable cause, as a basis or foundation for an affiant's belief."

In the case of Reutlinger v. State, 29 Okla. Cr. 290, 234 Pac. 224, this court says:

"The finding of probable cause, as well as the issuing of the search warrant is a judicial function to be exercised by the magistrate alone, upon the sufficiency of the facts stated in the affidavit, which should have the force and effect of evidence, as distinguished from the mere conclusions of the affiant."

The function of the search and seizure proceeding is to aid the proper officers in procuring evidence to be used by the state in prosecuting the defendant, which evidence could not be secured without the aid of a search warrant. Being a preliminary proceeding to the main case, it is only necessary that the affidavit should show probable cause as in a preliminary hearing. The same degree of proof not being required in a preliminary hearing as in a trial, so the same degree of proof should not be required in procuring a search warrant as would be required in securing a conviction in a trial. Tested by the authorities cited in this opinion, the affidavit was sufficient to authorize the issuance of a search warrant, and the evidence obtained by means of the search was properly admitted.

The defendant for his second ground of error challenged the authority of the justice of the peace to issue the search warrant in this case. In the case of Ex parte Hand, 13 Okla. Cr. 614, 166 Pac. 449, this court held:

"A person in undisputed possession of the office of justice of the peace and exercising the functions properly belonging thereto under color of title to such office is a de facto justice of the peace and his official acts are binding on the public and third persons."

In the case of White v. State, 23 Okla. Cr. 206, 214 Pac. 205, in the body of the opinion, this court says:

"It has often been held that there is a presumption that a public officer did his duty and that statutory and constitutional modes of procedure have been followed." Hess v. State, 9 Okla. Cr. 516, 132 Pac. 505; Anderson v. State, 8 Okla. Cr. 90, 126 Pac. 840, Ann. Cas. 1914C, 314."

This court will not resort to the doctrine of judicial notice as to minor district officers, such as justices of the peace, appointed under section 3420, C. O. S. 1921, except where it is necessary to do so in order to properly and correctly determine the controversy. It is a sufficient answer to defendant's objection to say that the justice of the peace was in possession of the office, assuming to act under color of title, and his acts, therefore, were not subject to collateral attack.

The evidence being sufficient to sustain the conviction, and the errors of law complained of being found to be without merit, the cause is affirmed.

EDWARDS, P. J., concurs.

DAVENPORT, J. (dissenting). I cannot agree with the conclusion reached by the majority opinion wherein it holds the affidavit in this case is sufficient in form and substance to authorize the issuance of a search warrant to search the home and premises of the defendant, nor can I agree that the authorities cited in the majority opinion hold that an affidavit like the one in this case is sufficient under the law to authorize the magistrate to issue a search warrant to search the home and premises of the defendant. In order to place the proper construction upon the affidavit, it is necessary and advisable to set out the affidavit in full—omitting the caption and jurat:

"I, J. R. Hill, do solemnly swear that I have probable cause to believe and do believe that intoxicating liquors are being unlawfully kept, stored and concealed upon the

following described premises, to-wit: SW Quarter of Section 9, Township 1 N, Range 8 W, Stephens County, Oklahoma, and buildings situated thereon. ———lots in Block ———in the City of ———.

"And for reasons to base my said belief upon I state as follows, to-wit:

"1. That the said premises and building thereon is a place of public resort.

"2. That numerous persons frequent the said place for the purpose of purchasing intoxicating liquor.

"3. That persons have recently been seen coming from said premises in an intoxicated and drunken condition.

"4. That divers persons who use intoxicating liquors to excess habitually frequent the said place.

"5. That the said premises has a reputation in the community in which it is located as being a place where intoxicating liquor is manufactured.

"6. That the said premises has a reputation in the community in which it is located as being a place where intoxicating liquor in large quantities are unlawfully kept, stored for the purpose of being bartered, sold, given away, and otherwise dispensed to those who frequent said place.

"7. That this affiant has been told by reliable persons, peaceable and law-abiding citizens, who are familiar with the said premises, and who purport to speak from personal knowledge, that portions of the said premises are used as a place where intoxicating liquors are kept in large quantities for the purpose of being bartered, sold, given away and otherwise dispensed to other persons. And this Affiant, based upon the above knowledge and information hereinbefore set forth, does believe and has probable cause to believe that the said premises, or a portion thereof, are being used as a store room for the purpose of selling, bartering, giving away and otherwise

furnishing such intoxicating liquor in violation of the prohibitory liquor laws of the state, and that such intoxicating liquors in large quantities are being kept for the purpose of selling, bartering, giving away and otherwise furnishing the same in violation of the prohibitory laws of the state to people and customers who frequent said place, and Affiant further states that he has probable cause to believe and does believe based upon the facts and information hereinbefore set out that, Frank Ray who is in possession of the said premises, is guilty of keeping intoxicating liquor at said place for said purposes, and that said place is a place of public resort, and that some portion of the same is used for the unlawful storage and concealment of large quantities of intoxicating liquor."

Article 2, § 30, of the Bill of Rights, is as follows:

"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person and thing to be seized."

Section 2877, Comp. Stat. 1921, provides that a search warrant may be issued when the thing sought to be seized is in the possession of another to whom he may have delivered it for the purpose of concealing it, or preventing it being discovered, in which case it may be taken upon the warrant for such person, or from the house or such place occupied by him or under his control or from the possession of the person to whom he may have delivered it.

Section 2879, Comp. Stat. 1921, provided:

"The magistrate must, before issuing the warrant, take, on oath, the complaint of the presecuting witness in writing, which must set forth the facts tending to estab-

lish the grounds of the application, or probable cause for believing that they exist."

Section 7009, defines what is necessary for the issuing of a search warrant and how the same should be served. In the majority opinion it is stated:

"The trial court permitted the defendant to cross-examine the witness who made the affidavit for the search warrant as to his knowledge and information upon which the affidavit was based. Although the affidavit on its face purported to be sworn to as to some allegations on personal knowledge and as to others on information on facts therein stated and the affidavit was positively sworn to."

It is this statement in the majority opinion that I cannot agree to, and I cannot accept the interpretation placed upon the language of the affidavit in the majority opinion.

The majority opinion quotes with approval Phillips v. State, 34 Okla. Cr. 52, 244 Pac. 451, in which the court, among other things, states:

"It is the duty of the magistrate to determine judicially if there is probable cause for believing the existence of the things stated in the affidavit. In so determining the magistrate exercises a judicial function. Whether or not he errs in his conclusion or whether or not the affidavit upon which the search warrant is obtained is true is not an issue under the trial of a case predicated upon evidence obtained by such search warrant."

An examination of the case of Phillips v. State, supra, discloses that the question raised in that case was a question not on the form of the affidavit, but that the affidavit was positively sworn to, and the defendant raised the question that, even though sworn to positively, the facts stated in the affidavit were not within the knowledge of the affiant. The court further says:

"That the sufficiency of the affidavit and warrant are not challenged, but defendant sought to show that the officer making the affidavit did not have positive knowledge that intoxicating liquors were being manufactured on the premises in question, and that for that reason the affidavit was in effect an affidavit on information and belief."

That question is not involved in this case, but the question to be determined is the question of the form and substance of the affidavit; that is, is the affidavit in this case to which the defendant objected at the time it was offered in evidence an affidavit made on information and belief, or does the affidavit made on statements of the witness making it disclose any facts within the knowledge of the affiant at the time he made the affidavit. It will be seen that the affidavit states as follows:

"I, J. R. Hill, do solemnly swear that I have probable cause to believe and do believe that intoxicating liquors are being unlawfully kept, stored, and concealed upon the following described premises, to-wit."

Then a quarter section of land in Stephens county is described, and then follows a number of statements all relating to the fact about which the witness has stated that he believed was taking place. Again in the affidavit is another statement, that:

"That this affiant has been told by reliable persons, peaceable and law-abiding citizens, who are familiar with the said premises, and who purport to speak from personal knowledge that portions of the said premises are used as a place where intoxicating liquors are kept in large quantities for the purpose of being bartered, sold, given away and otherwise disposed of to other persons.

"This affiant, based upon the above knowledge and information hereinbefore set forth, does believe and has probable cause to believe that the said premises, or a portion thereof, are being used as a store room for the pur-

pose of selling, bartering, giving away and otherwise furnishing such intoxicating liquor in violation of the prohibitory laws of the state, to people and customers who frequent said place, and Affiant further states and does believe based upon the facts and information hereinbefore set out that Frank Ray who is in possession of said premises is guilty of keeping intoxicating liquor at said place of public resort, and that some portion of the same is used for the unlawful storage and concealment of large quantities of intoxicating liquor."

The majority opinion says:

"The sufficiency of the affidavit in this case must therefore be tested from the affidavit itself and not by reason of any extraneous testimony of the person sworn. It was improper for the court to permit the defendant to cross-examine Hill who made the affidavit for the search warrant."

The record discloses that the witness J. R. Hill was questioned as to his knowledge of any violation of the prohibitory law by the defendant when he made the affidavit. No objection was made by the state, and the examination clearly showed that the witness knew nothing about any violation, and that he had no personal knowledge that the law was being violated by the defendant. It is true this court has held that, if the affidavit was sworn to positively, the question of the truth of the affidavit could not be gone into in the trial of the case. In the majority opinion the court cites Baker v. State, 28 Okla. Cr. 408, 231 Pac. 320, and quotes at length from this opinion as to what the court said about the affidavit for the search warrant, but it failed to state what the court said the party making the affidavit should state. In Baker v. State, supra, the court, after stating the number of forms of an affidavit for a search warrant more or less prevalent, quoted in the majority opinion, said:

"An affidavit in this case could have been drawn in the following form (omitting the caption) : I, O. J. Kemerer, do solemnly swear that six windows, one door, twenty-five bushels of wheat and fifteen bales of hay have been stolen from and carried away from the premises of A. B. Reynolds; that affiant has reason to believe, and does believe, that the described stolen property is secreted in the possession of Harry Baker at his residence;  *  *  * and for cause of such belief affiant says that there were tracks leading from where the property was stolen towards, or to, the premises of Harry Baker; (or that one ———saw property of this character being conveyed to the premises of Harry Baker; or that Harry Baker has recently come into possession of property of this description; or that Harry Baker made statements to others indicating that he had designed to take this property; or any other facts as a basis for such belief)."

The affidavit in this case does not measure up to the standard of what the court stated should be set forth in an affidavit. If the affidavit in this case had positive statements charging the defendant with the violation of the prohibitory law, then the defendant could have had some recourse on the party making the affidavit, if it was shown to be false. If the statement in the affidavit to secure a search warrant is made in a positive form, if the facts or any of the facts stated therein are false, the aggrieved party could redress the wrong done him by having the party prosecuted for perjury, but, where the affidavit states a mere naked belief that he believes a person is a thief, a bootlegger, or a counterfeiter of money, without having any tangible reason for such belief, or unless facts are stated, the existence of which is sufficient reason for his belief, his belief would not be susceptible of proof. If the complaining witness is unable to state some facts supporting his belief, he should refrain from making the affidavit. The lawmakers of our state have wisely enacted provisions

of law necessary to secure a search warrant to search the home and premises of one who is thought to be violating the law, and this procedure should be strictly followed; if the party is permitted to make an affidavit on information and belief without any knowledge of a violation, it would permit the home and privacy of innocent people to be searched without a remedy, because the making of an affidavit that states only information and belief amounts to no more than a mere suspicion, and the party making the affidavit cannot be prosecuted for perjury. It is impossible to disprove what a witness says he believes.

I cannot agree to the doctrine that a witness should be permitted to go before an officer of the law, and, without having any knowledge or facts upon which to predicate it, make an affidavit on information and belief and procure a search warrant and enter the homes of citizens of this state, and the witness who goes before an officer and makes an affidavit stating facts against an individual which he knows nothing about is committing as grave an offense against his government as the man who willfully goes out and violates the law by high-jacking, manufacturing whisky, or any other offense against the laws of his state. The laws of our state should be enforced, but no person, not even an officer, has the right to willfully commit perjury in his ambition to try to detect crime. I cannot interpret the language of this affidavit to mean anything other than that the statements in the affidavit were made solely and only upon information and belief, as he admitted without objections from any one while he was on the witness stand; he stated he did not know or have any facts other than what some one had told him, and those parties did not live in the neighborhood where the defendant lived at the time.

In the majority opinion the court quotes from Reutlinger v. State, 29 Okla. Cr. 290, 234 Pac. 244, as follows:

"The finding of probable cause, as well as the issuing of the search warrant, is a judicial function to be exercised by the magistrate alone, upon the sufficiency of the facts stated in the affidavit, which should have the force and effect of evidence, as distinguished from the mere conclusions of the affiant."

The majority opinion should have gone further and showed that the court, in rendering the opinion, stated that there were two search warrants issued in the case, but under the circumstances the validity of the first warrant was immaterial; when Ogden was found where he was in the act of making whisky, the officer had the right to arrest him without any warrant, and as an incident to search without a search warrant and to seize all implements and vessels used in violation of law for which he was arrested.

The court then states:

"The affidavit for the search warrant for the Ogden premises was defective, because it stated no facts upon which a finding of probable cause could be based. The averments in the affidavit amount to a conclusion merely —a conclusion of the affiant. Facts should have been stated, having the force and effect of evidence such as would be competent for the consideration of a jury in a trial for the offense, as distinguished from the ultimate conclusions of the affiant himself."

I agree with the statement of the court hereinabove set out, and insist that in this case the affidavit does not contain the necessary allegations to warrant the issuing of a search warrant, and that the evidence procured under the search warrant based upon the affi-

davit in this case upon timely objection should have been excluded by the jury. The affidavit in this case clearly shows that it is wholly based on information and belief, and does not attempt to describe the premises other than the S. W. quarter of section 9, township 1, N., range 8 W., Stephens county, Okla., and buildings situated thereon.

In analyzing and interpreting the language used in the affidavit, the statements contained therein relate to the mind of J. R. Hill, who made the affidavit and upon what he is predicating his statements, that is, that his statements contained in the affidavit are made on information and belief, and not a single statement contained in the affidavit independent of the statement of the affiant on information and belief attempts to charge the defendant with the commission of an offense. Every statement in the affidavit relating to the offense is on information and belief.

This court has had before it this question so often that it seems unnecessary to refer to decisions. Beginning with the case of Gore v. State, 24 Okla. Cr. 394, 218 Pac. 545, the court laid down the proposition: That "an affidavit stating mere conclusions, or made on belief without stating the facts, is insufficient, and a search warrant based upon such a showing is void."

The court also stated that holdings of this court hitherto, so far as in conflict with the rule of evidence here announced, are overruled. Following the decision in the Gore Case, the court in the case of Hall v. State, 34 Okla. Cr. 334, 246 Pac. 642, said:

"An affidavit for search warrant, which is based wholly on information and belief, is insufficient, and evi-

dence obtained on a search warrant based on such affidavit should, on proper objection, be excluded."

In Baker v. State, 28 Okla. Cr. 408, 231 Pac. 320, in the second paragraph of the syllabus, the court said:

"An affidavit for a search warrant predicated on belief alone, without stating any facts as a basis for such belief, is insufficient."

In Hancock v. State, 35 Okla. Cr. 96, 248 Pac. 1115, in the first paragraph of the syllabus, the court said:

"A search warrant issued on affidavit made on information and belief, and without stating facts showing probable cause, is illegal."

In Vice v. State, 36 Okla. Cr. 18, 251 Pac. 509, the court in the first paragraph of the syllabus said:

"A search warrant issued on affidavit made on information and belief, and without stating facts showing probable cause, is illegal."

The affidavit upon which the search warrant was issued in the Vice Case, omitting the caption, is as follows:

"Before me, a justice of the peace in and for said county, personally appeared C. W. Boots, who, being duly sworn, states: That he has probable cause for believing and does believe that certain quantities of intoxicating liquors are being kept for the purpose of sale, barter, giving away, and otherwise furnishing, and are being sold, bartered, given away, and otherwise furnished unlawfully by May Vice in the residence used and occupied by her as a residence located on South Fourth street, in the city of Henryetta, said intoxicating liquors consisting of whisky in bottles and barrels, wine in bottles and barrels, beer in jugs, bottles, and barrels, alcohol in casks, jugs, bottles, and barrels and other vessels, containing intoxicating liquors. Wherefore your affiant prays that a warrant issue for the search of said premises and for

the seizure of said intoxicating liquors. (Signed) C. W. Boots."

In Cole et al. v. State, 38 Okla. Cr. 396, 262 Pac. 712, this court, speaking through Judge Edwards, in the first paragraph of the syllabus, said:

"An affidavit for a search warrant, made on information and belief, is not sufficient to authorize the issuance of a search warrant, unless the affiant sets up the facts upon which his belief is based, and shows that the facts stated are within his personal knowledge, and such facts are sufficient to constitute probable cause."

The affidavit upon which the court laid down the doctrine quoted, omitting the caption, is as follows:

"———, being first duly sworn on oath, deposes and says: That as to the following described premises, to wit: S. E. ¼, Sec. 20, Twp. 25, R. 1 W. said premises being in the possession of John Doe, a true name unknown. That your affiant was told by a person who visited the premises that while there he smelt intoxicating liquors on the premises. That your affiant has been informed that a person who visited the premises saw a still in operation in the attic of the house. Your affiant says that the general reputation of the place and premises in the community and neighborhood is that it is a place where intoxicating liquor is being kept, concealed, and sold."

The affidavit in Vice v. State, supra, is like the affidavit in this case. All the statements are based upon information and belief. If it was the intention of the majority opinion to reverse the former rulings of this court, herein set out, and to overthrow the principles laid down in them, and to hold that a person may make an affidavit on information and belief upon which a search warrant may issue, and that the testimony secured under and by virtue of the search warrant is admissible, it should be

stated in the opinion that the former holdings of this court on the question of an affidavit on information and belief are by this opinion overruled. I cannot believe that it was the intention of the majority opinion to set aside the former opinions of this court and at one stroke undo what this court has been holding for years. I insist that the objection of the defendant to the introduction of the testimony secured by reason of the search warrant based upon the affidavit in this case, and to the introduction of the affidavit, was timely, and the objection should have been sustained. The admission of the affidavit over the objections of the defendant was prejudicial to the rights of the defendant, and deprived him of a fair and impartial trial as guaranteed him under the Constitution and laws of this state, by permitting an ex parte statement in the affidavit to go to the jury, putting in issue the reputation of defendant's home as being a place where intoxicating liquor was manufactured, without first having laid the proper predicate by showing by competent evidence the home of defendant was a place of general resort. No evidence was offered by the state to show the reputation of defendant's home was a place of general resort or that it was a place where people frequented. Yet the court, over the objection of defendant, admitted the ex parte statements in the affidavit to go to the jury. The admission of the statements in the affidavit without the proper predicate being laid was prejudicial error. Westfall v. State, 30 Okla. Cr. 115, 235 Pac. 270; Davis v. State, 16 Okla. Cr. 372, 182 Pac. 908; Bland v. State, 18 Okla. Cr. 514, 196 Pac. 732.

In Miller v. State, 36 Okla. Cr. 277, 253 Pac. 1039, the court said:

"Before evidence of the general reputation of a place may be received as evidence in a case of unlawful possession of intoxicating liquors, it must be shown that the place itself was a place of public resort, not merely that it bore such reputation."

There are other errors assigned and argued, but, in the view I take of this record, it is not necessary to consider them. The case should be reversed and remanded.