## HUGH RUSSELL v. STATE.

No. A-6825.    Opinion Filed Nov. 2, 1929.
(282 Pac. 176.)

C. H. Madden, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error hereinafter called the defendant, was charged by information of possession of intoxicating liquor, to wit, home brew, containing more than one-half of 1 per cent. alcohol, measured by volume, capable of being used as a beverage, with the unlawful intent then and there on the part of the said defendant to violate the prohibitory liquor laws of the state of Oklahoma, was convicted and sentenced to pay a fine of $500, and to be imprisoned in the county jail for a term of six months; from which judgment the defendant has appealed.

When the case was called for trial on the 5th day of July, 1927, it was shown that Hon. C. H. Madden, county attorney, was the attorney for the defendant, and was disqualified from acting as county attorney. The court appointed Hon. Raymond Barry, special county attorney, for the purpose of trying the case. Both sides announced ready for trial.

The testimony on behalf of the state shows in substance that E. T. Smith, the sheriff, went out to this defendant's home and searched the defendant's home, and found 53 pint bottles and two 6-gallon crocks of home brew; he had a search warrant. Other witnesses testified as to the quantity of home brew found at the defendant's home when it was searched. The testimony of the chemist, Onis George Hazel, showed that some of the contents of

the bottles analyzed tested 4.85 per cent. alcohol, measured by volume.

Lawrence Newman, called as a witness for the state, testified he went to defendant's home and asked him for something to drink;

"They brought something in sacks, I could not see, we could hear the bottles rattle; we told him we wanted something to drink and he said it was three bottles for $1, and we paid him for all we received, $4 in all. I don't know whether his residence is a private residence or not. When we left the defendant's residence there was a little bridge you have to go over, and Mr. Nance got on the car; it was hardly a quarter of a mile, about an eighth of a mile, I could not say for sure, and we went to the court house."

P. C. Grissom testified to being with the sheriff when the house was searched and what was found. At the close of the state's testimony, the defendant demurred to the same, which was by the court overruled. The defendant testified in his own behalf in substance that he lived about seven miles north of Hollis; that he owned the premises described in the search warrant; it had been his residence since the spring of 1914:

"I have not been in the habit of having public dances up there."

He had heard about the rumors at the courthouse; he had heard about what officers said about the defendant's wife and himself, which did not tend to admit or deny the question as to whether or not he had possession of the intoxicating liquor charged in the information.

At the close of all the testimony Mr. Madden, representing the defendant, said:

"Your Honor, I wish the court would instruct in regard to the facts necessary to sustain that search warrant."

It appears from the record that the defendant filed a motion for a new trial, which was by the court overruled, and defendant duly excepted. Defendant in his petition in error contends that he should be granted a new trial for the following reasons:

"1. Error of law occurring during the trial.

"2. Error of the court in permitting the state to reopen its case twice over the objection of the defendant.

"3. Error of the court in overruling the demurrer of the defendant to the testimony of the state.

"4. Error of the court in overruling the objections of the defendant to certain evidence introduced by plaintiff.

"5. Error of the court in permitting the evidence secured under illegal search and seizure to be introduced by the plaintiff over the objections of the defendant."

An examination of the application for the search warrant in this case shows that the statements contained in the application were sufficient to justify the magistrate in issuing the search warrant.

This court, in the case of Phillips v. State, 34 Okla. Cr. 52, 244 Pac. 451, 452, held:

"The purpose of a verified complaint for search warrant is to invoke the judicial power of the magistrate, and, when filed, it is the duty of the magistrate to determine judicially if there is probable cause  for believing the existence of the things stated in the affidavit.  In so determining the magistrate exercises a judicial function. Whether or not he errs in his conclusion or whether or not the affidavit upon which the search warrant is obtained is true is not an issue under the trial of a case

predicated upon evidence obtained by such search warrant."

In this case the affidavit states in positive terms the material provisions of the statute to justify the officer in issuing the search warrant and the objection of the defendant to the introduction of the testimony secured by the search warrant was properly overruled.

From an examination of the evidence contained in the record we hold that it was sufficient to sustain the conviction and the demurrer of the defendant to the evidence was properly overruled. The defendant was accorded a fair and impartial trial. The court properly instructed the jury as to the law. The errors complained of are without sufficient merit to warrant a reversal of this case.

The judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.