## M. C. CLARK v. STATE.

No. A-6862.    Opinion Filed Nov. 23, 1929.
(282 Pac. 688.)

Sigler & Jackson, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Carter county on a charge of having possession of eight gallons of Choctaw beer, and his punishment fixed at a fine of $50 and confinement in the county jail for 30 days.

The defendant filed a motion to suppress the evidence obtained by a search warrant because all the material evidence in this action was obtained over the constitutional and statutory rights of this defendant. Defendant attach-

ed his affidavit to his motion to suppress, in which he denied all the material allegations contained in the affidavit for the search warrant and examined the witness Hale Dunn, who made the affidavit for the search warrant, in an attempt to show that the witness had no personal knowledge of the facts set out in the affidavit for the search warrant.

In the case of Phillips v. State, 34 Okla. Cr. 52, 244 Pac. 451, 452, this court said: "Whether or not the magistrate errs in his conclusion or whether or not the affidavit upon which the search warrant was obtained is true is not an issue under the trial of a case predicated upon evidence obtained by such search warrant." See, also, Ray v. State, 43 Okla. Cr. 1, 276 Pac. 785.

The affidavit for the search warrant being sufficient on its face to authorize the issuance of the search warrant, the motion to suppress the evidence was properly overruled.

The evidence of the state was that they found eight gallons of Choctaw beer. Dr. J. L. Bullock, qualified as a chemist, testified that he analyzed the beer and that it contained 6 per cent. of alcohol. The defendant did not take the witness stand and offered no evidence in his defense.

The search and seizure being legal, and the evidence being sufficient to support the verdict of the jury, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.