# HERMAN WARD v. STATE.

No. A-7341.  Opinion Filed May 2, 1930.
(287 Pac. 735.)

P. G. Moore, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted of having possession of intoxicating liquor with intent to sell, barter, give away, and otherwise furnish the same to others, contrary to the form of the statute, and was sentenced to pay a fine of $50 and costs, and to be imprisoned in the county jail for thirty days.   From which judgment the defendant has appealed to this court.

When the case was called for trial, the defendant filed his motion to suppress the evidence on the grounds: First, that the same was procured without a legal search warrant as by law provided.   Second, for the reason that the evidence procured by the state was procured by the deputy sheriff searching the residence of the defendant without showing the proper affidavit, or without showing

the proper cause for the same. Third, for the reason that the search made was an illegal search. Which motion was by the court overruled, and the defendant excepted.

The state called W. C. Keirsey, who testified that on June 2, 1928, he was deputy sheriff; that he searched the residence of Herman Ward and found six gallons of whisky in a little room on the porch of the house, went into the house, and found three gallons in the loft in the south room. This was all the testimony introduced by the state. The defendant did not introduce any testimony.

Three errors have been assigned by the defendant as grounds for reversal of this case. They all may be treated under one head, and that is that the evidence secured by the state was procured by an illegal search warrant. The defendant contends that the affidavit filed in his case does not show probable cause, and does not contain sufficient facts necessary under section 7013, C. O. S. 1921, to entitle an officer to search his residence. The affidavit in this case is positive in terms and states sufficient facts to warrant the magistrate in issuing a search warrant. As to whether or not these facts are true this court is not called upon to say.

After reading the statements contained in the affidavit, we are reluctant to say that any officer charged with the duty of enforcing the law would make the affidavit under consideration unless he had knowledge of the statements therein made. Officers of the law are charged with the duty of enforcing and obeying the law, and we do not believe an officer would make the positive statements contained in this affidavit if he did not have knowledge of facts contained in the affidavit. The purpose of an affidavit for a search warrant is the same as for a verified complaint for a warrant for arrest; that is, to invoke the

judicial power on the magistrate for the protection of the citizens against illegal searches and to satisfy the conditions of the statutory requirements that a search warrant shall be issued only upon probable cause, supported by oath or affirmation. Article 2, § 30, State Constitution; sections 7012 and 7013, C. O. S. 1921.

This court in Phillips v. State, 34 Okla. Cr. 52, 244 Pac. 451, held:

"The truth of an affidavit to procure a search warrant, positively sworn to, is not an issue in the trial of a case in which evidence procured by such search warrant is offered." See authorities therein cited.

Record examined, and evidence held sufficient to sustain the conviction. No errors appearing in the record, the judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.