## EWELL KIDD v. STATE.

No. A-7469.   Opinion Filed May 17, 1930.
(288 Pac. 399.)

Claude A. Niles, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of McIntosh county on a charge of violating the prohibitory liquor laws of the state, to wit, having unlawful possession of intoxicating liquor, and his punishment fixed at a fine of $50 and confinement in the county jail for thirty days.

The evidence of the state was that the officers procured a search warrant to search the premises occupied by the defendant and searching the premises found a gallon jug of whisky and a jar partly full and some in a bottle, all of which was concealed in the bed of defendant.   Also they found a quantity of empty whisky bottles in defendant's room; that the place occupied by the defendant had been under observation by the officers for several days; that they had observed a large number of people coming and going from this place at all hours of the day and night; and that the place was a place of public resort.   The officers then testified that they knew the reputation of the place as being a place of public resort and that the reputation of such place was bad; that defendant had no business or occupation to call people to the place where he lived.

The defendant did not take the witness stand and offered no evidence at the trial.   This evidence was sufficient to sustain the verdict of the jury.

The defendant next contends that the search warrant was not properly identified. Defendant filed a motion to suppress the evidence for the reason that the search warrant was not issued and served as provided by law and second, for the reason that the affidavit upon which the search warrant was obtained was false and untrue, and asked leave of court to prove that the allegations of the affidavit were false and untrue. The jury being excused, the state introduced the affidavit and search warrant, and upon an examination of the same the court overruled the motion to suppress.

In Phillips v. State, 34 Okla. Cr. 52, 244 Pac. 451, and Ray v. State, 43 Okla. Cr. 1, 276 Pac. 785, this court held that where the affidavit was sufficient on its face, the question of the truth of the statements or the knowledge of the witness who made the affidavit could not be inquired into. The affidavit and search warrant in the case at bar were sufficient to authorize the search of the premises of the defendant, and the evidence obtained by the search was therefore properly admitted by the trial court.

Defendant in his brief raises but two questions, the sufficiency of the evidence and the sufficiency of the search warrant. Neither of these contentions have any merit. For the reasons stated the cause is affirmed.