## OKLA DAVIDSON v. STATE.

No. A-7916. May 16, 1931.
Rehearing Denied Nov. 6, 1931.
(4 Pac. [2d] 131.)

Hughes & Dickson, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Texas county on a charge of having the unlawful possession of intoxicating liquor, and he was sentenced to pay a fine of $500 and to serve six months in the county jail.

Certain officers, under authority of a search warrant, found in the residence of defendant about five gallons of whisky. Defendant did not take the stand, and offered no testimony.

The contention is made that the search is illegal, in that the affidavit for the warrant was on information. The affidavit is positive in form, and states sufficient facts to sustain a finding of probable cause. The truth of the averments in the affidavit was attempted to be put in issue in the trial. This was not competent. Phillips v. State, 34 Okla. Cr. 52, 244 Pac. 451; Reutlinger v. State, 29 Okla. Cr. 290, 234 Pac. 224; Ray v. State, 43 Okla. Cr. 1, 276 Pac. 785; Dolan v Com., 203 Ky. 400, 262 S. W. 574. Some contention is advanced that the search was illegal for the further reason that it was served in the nighttime, without authority. The record does not affirmatively show that the warrant was served in the nighttime. It is also briefly argued that the punishment is excessive. The record indicates that defendant may be a professional bootlegger. At any event it does not appear that the full punishment fixed by statute will be a miscarriage of justice.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.