## STATE v. KNIGHT.

Circuit Court, Dade County, Criminal Appeal.

January 31, 1956.

Oakley G. Smith, Miami, for appellant.

John D. Marsh, County Solicitor, Earl D. Waldin, Jr. and Glenn C. Mincer, Assistant County Solicitors, for appellee.

MARSHALL C. WISEHEART, Circuit Judge.

This is an appeal from a judgment convicting the appellant of having in his possession moonshine whiskey which was not manufactured or possessed in accordance with the regulatory provisions of the laws of the state of Florida.

The only question presented was whether or not the trial court erred by refusing the request of the defendant to prove, if he could, that the search warrant affidavit was false.

It is the opinion of this court that if the affidavit and search warrant are sufficient on their face, the evidence obtained by the search is admissible and the court will not permit the accused to show that the statements in the affidavit are not true or to raise any question as to the accuracy or source of the affiant's information or the means by which it was obtained. Dolan v. Commonwealth (Ky.), 262 S.W. 574; State v. English (Mont.), 229 P. 727; People v. Czckay (Mich.), 188 N.W. 376.

Cornelius on Search and Seizure, 2d ed., page 425, section 169, together with many cases cited, states—"The cases have even gone so far as to hold that the complainant himself will not be allowed to dispute the truth of the averments he made in the affidavit so as to vitiate a criminal warrant and where a statute required the affivadit to be made by reputable citizens the defendant will not be permitted to go behind the face of the affidavit and show that it was not so made. Nor will the accused be permitted to question the source or accuracy of affiant's information. And it has been held in Missouri that where an affidavit for a search warrant is positive in form evidence aliunde is not admissible to show that the same was made on information and belief. * * * The defendant at the trial may not dispute or controvert the averments in the affidavit for the search warrant for the purpose of invalidating the search, nor may he cross examine the person who made the affidavit as to the truth of such averments."

To hold otherwise would result in two trials instead of one. The affiant would be on trial instead of the defendant. Such a procedure would create chaos, resulting in more emphasis on the collateral issues than on the guilt or innocence of the defendant.

If the affiant has in truth and fact perjured himself, he would be subject to criminal prosecution, and if a peace officer, in addition to criminal prosecution for perjury, he could be reprimanded, suspended and discharged.

For the reasons stated the judgment and sentence of the court of crimes are affirmed.